IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CAROL DENNIS,

      Plaintiff,

v.

ASPEN SKIING COMPANY, LLC,

      Defendant.

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff CAROL DENNIS ("Plaintiff") comes before this Court and files her Original Complaint against ASPEN SKIING COMPANY, LLC ("Defendant"), and for cause of action will show:

## I.  JURISDICTION AND VENUE

1.  Subject Matter Jurisdiction in this Court is proper on the basis of diversity of citizenship. Plaintiff is a resident of New Jersey. Defendant is a limited liability company located in Colorado, and formed under the laws of the State of Colorado. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.  Venue is proper in this Court because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(a).

## II.  PARTIES

3.  Plaintiff is a natural person residing at 57 Hebron Drive, Marlboro, New Jersey 07746.

4.      Defendant is a limited liability company formed under the laws of Colorado and doing

business in Colorado.  Defendant may be served with process by serving its registered

agent, David W. Clark, at 117 ABC, Aspen, Colorado 81611.

### III.    FACTS

5.      Plaintiff's claims for damages arise from an incident that occurred on December 5, 2015

on Defendant's premises.

6.      At all times relevant herein, Plaintiff was an invitee on Defendant's premises.

7.      On December 5, 2015, Plaintiff was attempting to board a ski lift that Defendant owned,

operated and managed.  At all times relevant herein, Defendant's employee(s) was/were

operating the subject ski lift.

8.      On the date in question, Plaintiff was waiting in line to board the Village Express Lift. An

unidentified employee of Defendant instructed Plaintiff to proceed into the pick-up area

after a group of skiers boarded a lift.  Plaintiff followed the unidentified employee's

instructions and moved into position to catch the next lift.  As Plaintiff situated herself in

the pick-up area, the ski lift abruptly stopped, thereby causing the lift that had just exited

the pick-up area to swing backwards and strike Plaintiff.  As a direct result, Plaintiff fell

and suffered severe harms and losses.

### IV.    CAUSES OF ACTION

### A.    PREMISES LIABILITY

9.      Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth

at length herein.

10.     At all times relevant, Defendant was a "landowner" as set forth in C.R.S. § 13-21-115(1).

**PLAINTIFF'S ORIGINAL COMPLAINT**
*Carol Dennis v. Aspen Skiing Company, LLC*
**Page 2 of 5**

11.    At all times relevant, Plaintiff was an "invitee" at the time of the incident, as set forth in
       C.R.S. § 13-21-115(1.5).

12.    Defendant's acts and omissions described above were in violation of C.R.S. 13-21-115, the
       Colorado Premises Liability Act and caused Plaintiff to suffer injuries, damages and losses
       in amounts to be proven at trial. Defendant is liable to Plaintiff inasmuch as Plaintiff's
       damages arose from Defendant's refusal to exercise care to protect Plaintiff from dangers
       it actually knew or should have known.

13.    The hazards and/or dangers complained of were of the type which were ongoing,
       continuous and/or repeating such that, by their nature, Defendant had actual and
       constructive knowledge of the hazards and/or dangers alleged, as further established by
       *Jasko v. F.W. Woolworth Co.*, 494 P.2d 839 (Colo. 1972).

14.    Each of the foregoing acts and/or omissions, taken together or individually, constitute
       negligence and each actually and proximately caused the incident in question and the
       injuries and damages Plaintiff sustained.

## B.     *RESPONDEAT SUPERIOR*

15.    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set
       forth herein at length.

16.    Without waiving the foregoing, in conjunction with, additionally and/or alternatively,
       Plaintiff would further show this Court that any employee of Defendant, whose conduct,
       in whole or in part, caused Plaintiff's injuries, was in the course and scope of their
       employment with Defendant at the time of the injury producing incident described above.
       Under the doctrine of *Respondeat Superior*, Defendant is responsible for Plaintiff's

damages caused by its employees' negligence as alleged above.

## V.     DAMAGES

17.     As a direct and proximate result of the incident making the basis of this lawsuit, Plaintiff

suffered and will, in all reasonable probability, continue to suffer the following actual

damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

    a.     Medical treatment paid or incurred in the past;

    b.     Medical treatment which will be necessary in the future;

    c.     Past and future pain and suffering;

    d.     Past and future mental anguish;

    e.     Physical disfigurement;

    f.     Past and future impairment;

    g.     Lost wages; and

    h.     Loss of past and future earning capacity.

18.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## VI.     PLAINTIFF'S DEMAND FOR JURY TRIAL

19.     Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and

demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all

issues.

## VII.     PRAYER

20.     WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that

on final trial Plaintiff have:

    a.     Judgment against Defendant for all of Plaintiff's actual damages, both

general and special as described above;

b.      Judgment against Defendant for pre-judgment and post-judgment interest at the legal rate to the extent allowed under the law until paid.

c.      Judgment against Defendant for costs of court;

d.      Attorney fees; and

e.      All other just and lawful relief in law and in equity, general and specific, to which Plaintiff may be duly and justly entitled;

Respectfully submitted,

/s/ S. Burgess Williams
John C. (Jack) Zinda
S. Burgess Williams
Kimberly J. Smith
Zinda Law Group, PLLC
600 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 800-1501
Email: service@hzfirm.com
Attorneys for Plaintiff